**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** <br><br> **COLONIAL MEDICAL MANAGEMENT CORP.** <br><br> **Debtor** | **CASE NO. 17-06925 (BKT)** <br><br> **CHAPTER 11** |

**UNITED STATES TRUSTEE'S OPPOSITION
TO AMENDED APPLICATION TO EMPLOY ATTORNEY**

**TO THE HONORABLE COURT**:

  Daniel M. McDermott, United States Trustee for Region 21, through his undersigned counsel, respectfully states and prays as follows:

  1. The debtor filed a petition for relief under the provisions of chapter 11 of the Bankruptcy Code on November 21, 2017. (Dkt. #1).

  2. On December 21, 2017, debtor filed an application to employ Ada Conde, Esq., pursuant to § 327(a) of the Code (Dkt. #33). The legal services were to be provided by attorney Conde through the law firm of 1611 Law and Justice for All, Inc. The debtor and attorney Conde certified having no prior connection and that she was a disinterested person. The application was granted on January 8, 2018 (Dkt. #40).

  3. On April 1, 2018, debtor filed another application to employ attorney Conde for "services not related to the bankruptcy matters before this Court" (the "Second Application")[1] (Dkt. #55). A 14-

---

[1] The debtor denominated the application as "amended".

*UNITED STATES TRUSTEE'S OPPOSITION*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP.
CASE NO. 17-06925 (BKT) Page 2 of 5

day objection period was provided which was set to expire on April 16. As per order entered on April 17, the mentioned period was extended until April 30 (Dkt. #62).

4. The debtor briefly alleged that the "matters not related are before the local court including the Court of Appeals of Puerto Rico, the Supreme Court of Puerto Rico and if needed, before administrative proceedings".

5. The United States Trustee respectfully opposes the Second Application inasmuch it failed to comply with the provisions of the Bankruptcy Code and/or Federal Rules of Bankruptcy Procedures.

### United States Trustee's Opposition

6. In the Second Application, debtor attempts to once again employ attorney Conde pursuant to § 327(a). The mentioned section states as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, <u>to represent or assist the trustee in carrying out the trustee's duties under this title</u>. (Emphasis supplied)

7. The cited section specifically limits the services to be provided to those required for debtor to perform its duties during the bankruptcy proceedings, not for any other. As stated above, attorney Conde was already employed for those services. The alleged services to be provided under the Second Application are not required to carry out debtor's "duties under this title".

8. In light of the above, the United States Trustee submits that debtor is presumably seeking authorization to employ attorney Conde as a special counsel pursuant to § 327(e). The mentioned section provides the following:

> The trustee, with the court's approval, may employ, for a specified special purpose, <u>other than to represent the trustee's in conducting the case</u>, an attorney that <u>has represented the debtor</u>, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed. (Emphasis supplied)

*UNITED STATES TRUSTEE'S OPPOSITION*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP.
CASE NO. 17-06925 (BKT)                                                       Page 3 of 5

9. As per the mentioned section, the proposed professional must be employed for other matters than to represent the debtor "in conducting the case" and must have represented the debtor in such matters. As stated above, attorney Conde has already being employed for the bankruptcy case and, if not sufficient, attorney Conde and debtor certified that they had no connection. Therefore, attorney Conde may not be employed as a special counsel. The contrary may represent that attorney Conde may not be employed as debtor's bankruptcy attorney pursuant to § 327(a) inasmuch as she may not be considered as a "disinterested person".

10. In addition, if warranted, the United States Trustee respectfully submits that the Second Application failed to comply with Fed. R. Bank. P. 2014(a) which requires, in pertinent part, to "state the specific facts showing the necessity for the employment".

11. In the statement of financial affairs, debtor listed only six (6) cases in which it appears to be the defendant. Therefore, the mentioned cases were presumably stayed as of the filing of the petition and no legal services are necessary.

**WHEREFORE**, the United States Trustee respectfully requests that the Honorable Court deny the Second Application, and grant any such other and further relief as it may deem appropriate.

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATE OF SERVICE BELOW, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN**

*UNITED STATES TRUSTEE'S OPPOSITION*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP.
CASE NO. 17-06925 (BKT) Page 4 of 5

**THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

JOSE L BARRIOS RAMOS    barrios.jl@outlook.com, jowydc@yahoo.com;jowy911@me.com

ADA M CONDE    1611lawandjustice@gmail.com, 1611bank@gmail.com;condelawpr@yahoo.com;estudiolegalpr@yahoo.com;condeprlaw@gmail.com;condebank@gmail.com;condelawpr@gmail.com;estudiolegal1611@gmail.com

MARIA S JIMENEZ MELENDEZ    attymjm@gmail.com, quiebra@prw.net

MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov

IVAN PASARELL JOVE    ipasarell@yahoo.com, ipasarell@gmail.com

ALEJANDRO A SUAREZ CABRERA    Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com

US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov

EDGAR ALBERTO VEGA RIVERA    edvega@bppr.com, edgar.vega@popular.com

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to Debtor, **Colonial Medical Management Corp.**, through its President, **Luis Lugo Vélez**, PO Box 176, Añasco, PR 00610; and

EDNA DIAZ DE JESUS
OFICINA PROCURADOR DEL PACIENTE
PO BOX 11247
SAN JUAN, PR 00910-2347

EDNA DIAZ DE JESUS
PROCURADORA INTERINA

*UNITED STATES TRUSTEE'S OPPOSITION*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP.
CASE NO. 17-06925 (BKT)        Page 5 of 5

OFICINA DEL PROCURADOR DEL PACIENTE
AVE PONCE DE LEON PDA 18 #1215
SAN JUAN, PR 00936

LABTECH SOLUTIONS CORP
MONTECARLO
CALLE 11 #1290
SAN JUAN, PR 00924

DATED: April 25, 2018.

**DANIEL M. MCDERMOTT**
United States Trustee for Region 21

**MONSITA LECAROZ ARRIBAS**
Assistant United States Trustee

**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7445
Fax: (787) 729-7449

(Electronically Filed)

By: *s/ José Carlos Díaz Vega*
    Trial Attorney
    USDC-PR No. 213607