IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RE: | CASE NO. 17-06925 (BKT) |
| COLONIAL MEDICAL MANAGEMENT CORP. | CHAPTER 11 |
| Debtor | |

RECEIVED AND FILED - SJ-PR

USBC '18 OCT 9 PM 2:38

**CREDITOR'S OBJECTION TO THE PLAN OF REORGANIZATION OF DEBTOR COLONIAL MEDICAL MANAGEMENT CORP.**

**TO THE HONORABLE COURT:**

**COMES NOW,** the Municipality of Añasco, creditor, through the undersigned attorney and respectfully alleges, states and prays as follows:



1. On September 17th, 2018 debtor Colonial Medical filed its Plan of Reorganization. As a result, on September 18th, 2018 this Honorable Court issued an order conditionally approving the Disclosure Statement and setting a timetable for the acceptances or rejections of the same and for the confirmation of the Plan. For the following reasons, the creditor Municipality of Añasco objects the aforementioned plan.

2. The Debtor's Plan is based on the assumption that Colonial Medical can continue in possession of the medical facilities that is currently operating in the city of Añasco. However, as the appearing party

1

mentioned in its "Reply to Debtor's Objection to Claim No. 12 of Municipio of Añasco", the Debtor failed to inform this Honorable Court that on December 1st, 2016, prior to the bankruptcy petition in the instant case, the lease agreement between Colonial Medical and the Municipality of Añasco was **TERMINATED.**

3. It is well settled law that a lease which is terminated before the filing of a bankruptcy petition is not considered property of the estate. See *In re: Pogoda International, Inc.*, 26 B.R. 18, 20 (Bankr. Md. 1982); *In re Opus Corp.*, 89 B.R. 9, 10 (Bankr, D.Md. 1988); *Robinson v. Chicago Housing Authority*, 54 F3d 316, 319-322 (7th Cir. 1995); *In re Mako, Inc.*, 102 B.R. 814, 817 (Bankr. E.D. Okl. 1988)

4. Morover, before the filing of this petition, and considering that the lease agreement was terminated, Colonial Medical was sued in the local courts of the Commonwealth of Puerto Rico, Superior Court of Mayagüez (see *Municipio de Añasco v. Colonial Medical Management Corp.*, Case No. ISCI 2017-00629) and the Court ordered the immediate eviction of Debtor Colonial from the public facilities of the Municipality of Añasco. That judgment was appealed and the Puerto Rico's Appellate Court confirmed the eviction order twice (see *Municipio de Añasco v. Colonial Medical Management Corp.*, Case No. KLAN 2018-00757). It must be emphasized

that the **Debtor never challenged the Municipality' decision to terminate the lease agreement.** Hence, if a lease is terminated under its provisions or under state law, the lessor (Creditor) can pursue return of the property and equipment and prevent a bankrupt lessee from assuming the lease in bankruptcy.

5. Despite the legal implications, Colonial Medical refuses to comply with the orders of Puerto Rico and continues the exploitation of these public facilities for its exclusive monetary gain. **The Municipality has not received any rent payment from the Debtor since March 31st of 2014.**  However, Debtor pretends to ignore that the Lease Agreement was not terminated before this petition and expects this Honorable Court to treat said agreement as an "unexpired lease" under §365 without complying with its legal responsibilities under the Bankruptcy Code (Note that the Bankruptcy Code §365 enables a debtor to assume a valid lease even despite its bankruptcy filing so long as a) any defaults under the lease are promptly cured and b) the debtor is capable of proving its ability to perform under the terms of the lease. None of that applies to a terminated lease and is not consistent with the facts of the instant petition when there is no lease to assume).

6. It should be noted that the decision of the Municipality of Añasco to terminate the lease agreement and the request of the eviction of Colonial Medical, was based on the need to protect the public interest and to provide the most effective use of the limited public facilities and resources.

7. By enforcing the instant Plan of Reorganization, the Debtor expects to create an artificial legal justification for the resuscitation of a Lease Agreement that was terminated in accordance with local law prior to the filing of the instant petition. Once a contract ends, a party must not be compelled to "restart" a contractual relationship against its will.

8. Given these circumstances, this Honorable Court is invited to examine whether the instant Chapter 11 case should be dismiss considering that Debtor Colonial is expecting to reorganize its finances by the continuous use of the medical facilities owed by the Municipality of Añasco without any legal authority. There is no way to reorganize the Debtor's finances based on these facts.

9. As mentioned in our previous motion, once the Lease Agreement was cancelled before the filing of the present case, the Debtor is not entitled to any claim of compliance of its provisions. See Bankruptcy Code § 362 (a), 11 U.S.C. § 362 (a). Moreover, the definition of "property of the estate" in the Bankruptcy Code does not include any interest of the Debtor as a

lessee under a lease of nonresidential real property that has terminated. See Bankruptcy Code § 541 (b), 11 U.S.C. § 541 (b).

10. Due to technical complications, a hard copy of this Motion was filed in the Clerk's Office. We expect to solve this issue soon in order to file future motions using the CM/ECF System.

**WHEREFORE,** the Municipality of Añasco's Objection to the Debtor's Plan of Reorganization is respectfully submitted and it is requested that this Honorable Court order any remedy that the Court deems appropriate, including the dismissal of the instant case.

In San Juan, Puerto Rico this 9th of October, 2018.

**CERTIFICATE OF SERVICE:** I hereby certify that the foregoing document was notified to attorney for debtor, the US Trustee Office, and to all CM/ECF participants.

**CHARLIE HERNANDEZ LAW OFFICE**

PO Box 1731
Mayagüez, PR 00681

hernandezcharlie2@gmail.com
charliehernandezlaw@gmail.com

206 Tetuán St., Suite 701
Old San Juan, PR 00901

Tel. (787) 382-8360
Tel. (787) 549-6059

**CARLOS M. HERNÁNDEZ LÓPEZ**
USDC –PR 207403