# United States Bankruptcy Court
## For The District of Puerto Rico

| | |
|---|---|
| In re COLONIAL MEDICAL MANAGEMENT CORP. | Case No. 17-06925 BKT |
| Debtor | Chapter 11 |

### COLONIAL MEDICAL MANAGEMENT CORP.
### ADDENDUM TO AMEND PLAN OF REORGANIZATION,
### DATED November 27, 2018

### INTRODUCTION

The purpose of this addendum is to amend the Plan of Reorganization dated September 17, 2018 to propose the payment in full payable in installments the Municipio de Añasco claim no. 12 included in Class 3 if the objection to the claim is disallowed and to the unsecured non priority claimants fifty percent (50%) instead of the twenty (20%) of the claim as proposed in the original plan.

This amendment to the Chapter 11 Plan provides as the original the classification for three classes: Class one (1) for secured claims, Class two (2) for Priority claims and Class three (3) for the unsecured non priority claims. Unsecured non prioriy creditors holding allowed claims – excepting the Municipio de Añasco for which is being proposed special provisions - will receive distributions in a fifty percent (50%) of the amount of the claim. This Plan also provides for the payment of administrative and priority claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1.   A) Debtor does not have secured creditors.

2.02  Class 2.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap"

period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.03 <u>Class</u> 3. All unsecured claims allowed under § 502 of the Code.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, <u>U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS</u>

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in regular installments payments in cash.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1 – Secured Claims | NO SECURED CLAIMS | |
| Class 2 – Priority Claims | Paired | A) Puerto Rico Department of Labor $270.00 – Claim 9- 2014 (tax period) Will be paid in full on or before August 2018<br><br>B) Puerto Rico Department of Labor - Claim 10 - $1,444.00 - 2013, 2014 (tax period) Will be paid in full on or before August 2018<br><br>C) Puerto Rico Department of Labor – Claim 11 - $1,760.63 2014 (tax period) Will be paid in full on or before August 2018<br><br>D) CRIM – Claim 4 -$1,650.02 - 2017 (tax period) Will be paid in full on or before August 2018<br><br>Class 2 is impaired by this Plan and each holder of a Class 2 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII |
| Class 3 – General Unsecured Creditors | Paired | A) MUNICIPIO DE ANASCO – CLAIM NO. 12<br><br>If the claim is not disallowed as requested by Debtor in the objection, Debtor proposes:<br>The total amount of claim no. 12 is $573,213.36 |

Page **3** of **7**

|  |  | A) continuing the payment of the rent as per the contract and until the expiration date of March 19, 2020.<br>B) Eight (8) Installment payments for the payment in full of the claim as follows:<br>1. Payments of $75,000 payable on: February 28, 2019; March 31, 2019; May 31, 2019; July 31, 2019; September 30, 2019; November 30, 2019, January 31, 2020 and a final payment of $48,213.36 on March 15, 2020 for a total of $573,213.36. |
|---|---|---|
| Class 3 – General Unsecured Creditors | Unpaired | B) ALL OTHER UNSECURED NON PRIORITY CLAIMS<br>Will receive 50% payable in equal monthly payments for 12 months starting April 2019 and ending in March 2020. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired lease:

Laboratorio Clínico Toledo, Inc., that provides special laboratory test services – reference laboratory in which referrals are in daily basis and costs depending upon tests and costs as per established by laboratory codification. Contract started since 2012 open contract. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

B.R.A.T. Ambulance Transportation Inc., provides ambulance transportation services for patients requiring emergency attention and transportation to other primary care facilities. Costs depends of destiny of patient to be transported and care. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

Cardio Lab Service PSC, rental of space for cardiology laboratory in CDT Anasco. Debtor receives $1,300 monthly. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

Cingy Suarez Rivera, rental of space in CDT. Debtor receives $1,400 monthly. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

Farmacia Del Monte, Inc., rental of space in CDT for pharmacy. Debtor receives $2,500 monthly. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

Lease Option Company, Inc., lease of a medical equipment – Fuji FCR XL2 that is essential for services provided by Debtor in CDT pays $577. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

Municipio de Añasco – Rental of a Medical Diagnostic Center that is a property owned by Municipio de Anasco. Pays $10,666. Needed for the operation of business and of the reorganization of Debtor. Contract ends in March 19, 2010 and is assumed.

Yadira Gomez Sanchez., rental of space in CDT. Debtor receives $500 monthly. Needed for the operation of business and of the reorganization of Debtor. Contract is assumed.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The plan will be funded from the services Debtor provides as health care provided from the operation of the Center for Diagnosis and Treatment (CDT) in the municipality of Añasco, Puerto Rico and the money received from medical plans private and governmental (known as the reform).

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference o nly and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01.　　Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS

None.

Respectfully submitted,  in San Juan, Puerto Rico this November 27, 2018.

By: /s/ *Luis Jorge Lugo Velez*, President
Colonial Medical Management Corp., Debtor

By:/s/ *Ada M. Conde*, Esq. Attorney for Debtor
　　　USDCPR26209
　　　1611 Law and Justice for All, Inc.
　　　PO Box 13268 San Juan PR 00908
　　　787-721-0401
　　　1611lawandjustice@gmail.com
　　　courtnotices1611@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**:  That on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to the U.S. Trustee.  I further certify that I have served this document by electronic means to the CM/ECF participants and or a true and correct copy by regular mail to the non CM/ECF participants and to all creditors and parties with interest as per the attached Master Address List.

/s/ *Ada M. Conde*
ADA M. CONDE, ESQ.
USDCPR 206209
1611 Law and Justice for All, Inc.
PO Box 13268, San Juan PR 00908
Tel: 787-721-0401
Email: 1611lawandjuistice@gmail.com