# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

**IN RE:**

**COLONIAL MEDICAL MANAGEMENT CORP.**

    **Debtor**

**CASE NO. 17-06925 (BKT)**

**CHAPTER 11**

## UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 1112(b) AND MEMORANDUM OF LAW

TO THE HONORABLE COURT:

    Daniel M. McDermott, the United States Trustee for Region 21, moves this Honorable Court to dismiss the captioned case under § 1112(b) of the Bankruptcy Code. A memorandum of law, in compliance with Local Bankruptcy Rule 9013-2, is included with this motion. In support of this motion, the United States Trustee, through his undersigned counsel, respectfully states and prays as follows:

### Procedural Background

    1.    The debtor filed a petition for relief under the provisions of Chapter 11 of the Bankruptcy Code on November 21, 2017. (Dkt. #1).

    2.    This is debtor's second bankruptcy case. The first case was filed on March 13, 2014, docketed as case no. 14-01922 (BKT), and "voluntarily" dismissed on January 14, 2015, after an order was entered for debtor's "failure to comply with the Small Business Chapter 11 requirements under 11 U.S.C. § 1121(e)(2)" (Dkts. #89, and #92-#93).

    3.    The debtor is a small business debtor.

    4.    The last six (6) operating reports filed by the debtor correspond to the months of May, June, July, August, September, and October 2018. (Dkts. #100-#102, #116, and #135-#136). Except

for the operating reports of June and September 2018, the remaining demonstrate negative balances at the end of the months.

5. The United States Trustee submits that debtor's substantial loss of income reflects that the estate is diminishing and that rehabilitation is extremely unlikely.

6. Therefore, the United States Trustee respectfully requests that the Court dismiss the instant case pursuant to: (1) 11 U.S.C. § 1112(b)(4)(A), because the estate is experiencing substantial or continuing loss or diminution and there is an absence of a reasonable likelihood of rehabilitation.

7. The United States Trustee includes the following memorandum of law in support of his position.

### Memorandum of Law and Argument in Support of Motion to Dismiss

**I.   Statement of Applicable Statutes and Rules**

Section 1112(b) of the Bankruptcy Code provides that, after notice and a hearing, the Court may dismiss or convert a case to one under chapter 7 if the movant establishes cause. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4)(A) provides that the term "cause" includes the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

**II.   Facts and Argument**

  A. Dismissal for Substantial or Continuing Loss or Diminution of the Estate and Absence of Reasonable Likelihood of Rehabilitation

Section 1112(b)(4)(A) of the bankruptcy code requires the movant to show both a substantial or continuing loss to or diminution of the Estate and the absence of a reasonable likelihood of rehabilitation. In re Ashley Oaks Dev. Corp., 458 B.R. 280, 285 (Bankr. D.S.C. 2011). The first prong of the inquiry requires the Court to "look at the track record of the Debtor to determine if it is suffering losses or making gains." In re Gateway Access Solutions, Inc., 374 B.R. 556, 562 (Bankr. M.D. Pa. 2007). The

*UNITED STATES TRUSTEE'S MOTION TO DISMISS*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP., CASE NO. 17-06925 (BKT)　　　　　Page 3 of 6

Court must assess both the financial prospects of the debtor and the financial records filed with the Court. Id. at 564. "Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for purposes of § 1112(b)." Id.; In re Galvin, 49 B.R. 665, 669 (Bankr. D.N.D. 1985) (Post-petition negative cash flow is considered by courts to be evidence of continuing losses.)). "All that need be found is that the estate is suffering some diminution of value." In re Franco, 2012 WL 3071242 at *3 (Bankr. D.P.R. 2012) (quoting In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988)).

In this case, the above-mentioned operating reports filed by debtor can be summarized as follows:

| Month | Gross Income | Expenses | Net Income (Loss) |
|---|---|---|---|
| May-18 | $ 55,758.94 | $ 85,768.22 | $ (30,009.28) |
| Jun-18 | $ 80,168.18 | $ 74,176.60 | $ 5,991.58 |
| Jul-18 | $ 81,190.37 | $ 112,174.14 | $ (30,983.77) |
| Aug-18 | $ 67,318.21 | $ 94,203.18 | $ (26,884.97) |
| Sep-18 | $ 90,334.73 | $ 81,268.06 | $ 9,066.67 |
| Oct-18 | $ 78,029.06 | $ 78,456.66 | $ (427.60) |
| **Total** | $ 452,799.49 | $ 526,046.86 | $ (73,247.37) |
| | | | |
| **Average** | $ 75,466.58 | $ 87,674.48 | $ (12,207.90) |

As can be seen, the mentioned monthly operating reports yield an average net monthly loss of ($12,207.90). In light of this, the United States Trustee submits that debtor may continue to experience a negative cash flow for the foreseeable future.

The second prong of Section 1112(b)(4)(A) asks whether there is "any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of time." In re Material Management, Inc., 2014 WL 2468313 at *6 (Bankr. D.P.R. 2014). This requires that there be a reasonable likelihood of "rehabilitation," which is not the same as "reorganization;" in other words, the inquiry is not whether

Case:17-06925-BKT11 Doc#:140 Filed:11/30/18 Entered:11/30/18 13:46:47 Desc: Main
Document Page 4 of 6

*UNITED STATES TRUSTEE'S MOTION TO DISMISS*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP., CASE NO. 17-06925 (BKT)     Page 4 of 6

debtor can confirm a plan, but rather whether debtor's business prospects justify the continuance of the reorganization effort. 7-1112 Collier on Bankruptcy P 1112.04[6][a][ii](16th ed. 2013). This in turn depends on whether the debtor has formulated, or can formulate within a reasonable amount of time, a reasonably detailed business plan. Id. If it is unable to do so, and can offer "neither a valid justification . . . nor a reasonable prospect of being able to accomplish the task in the near future, [then] there is often little reason to proceed with the reorganization." In re Franco, 2012 WL 3071242 at *3.

In this case, debtor's current financial condition does not demonstrate how the debtor is going to get back on its feet. In addition, any plan proposed by the debtor would be unfeasible given its condition.

The United States Trustee respectfully submits that cause for dismissal has been established under §1112(b)(4)(A).

**III.    Conclusion**

The United States Trustee respectfully submits that the relief sought is in the best interest of creditors and the estate inasmuch as debtor's behavior has caused and will continue to cause an unreasonable and prejudicial delay. It is precisely the time that this case has been in Chapter 11 that has caused the prejudice to creditors. The longer this case remains in Chapter 11, the greater the harm and prejudice it will cause.

**WHEREFORE**, the United States Trustee respectfully requests that the Honorable Court dismiss this case pursuant to § 1112(b) of the Bankruptcy Code, and grant any such other and further relief as it may deem appropriate.

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATE OF SERVICE BELOW, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE**

Case:17-06925-BKT11 Doc#:140 Filed:11/30/18 Entered:11/30/18 13:46:47 Desc: Main
Document Page 5 of 6

*UNITED STATES TRUSTEE'S MOTION TO DISMISS*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP., CASE NO. 17-06925 (BKT)     Page 5 of 6

**OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

JOSE L BARRIOS RAMOS     barrios.jl@outlook.com, jowydc@yahoo.com;jowy911@me.com

ADA M CONDE     courtnotices1611@gmail.com, 1611bank@gmail.com;1611lawandjustice@gmail.com;estudiolegalpr@yahoo.com;condeprlaw@gmail.com;condebank@gmail.com;CONDEAR53874@notify.bestcase.com

CARLOS M HERNANDEZ LOPEZ     charliehernandezlaw@gmail.com

MARIA S JIMENEZ MELENDEZ     attymjm@gmail.com, quiebra@prw.net

MONSITA LECAROZ ARRIBAS     ustpregion21.hr.ecf@usdoj.gov

IVAN PASARELL JOVE     ipasarell@yahoo.com, ipasarell@gmail.com

YAZMET PEREZ-GIUSTI     YAZPEREZ@HIMAPR.COM

JOSE RAFAEL SANTIAGO PERELES     santiagopereles@yahoo.com

ALEJANDRO A SUAREZ CABRERA     Alejandro.Suarez@cfse.gov.pr, aasuarezcabrera@yahoo.com

US TRUSTEE     ustpregion21.hr.ecf@usdoj.gov

EDGAR ALBERTO VEGA RIVERA     edvega@bppr.com, edgar.vega@popular.com

*UNITED STATES TRUSTEE'S MOTION TO DISMISS*
IN RE: COLONIAL MEDICAL MANAGEMENT CORP., CASE NO. 17-06925 (BKT)     Page 6 of 6

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to the debtor, **Colonial Medical Management Corp.**, through its President, **Luis Jorge Lugo Vélez,** PO Box 1716, Añasco, PR 00610; and

| | |
|---|---|
| **EDNA DIAZ DE JESUS** | **LABTECH SOLUTIONS CORP** |
| PROCURADORA INTERINA | MONTECARLO |
| OFICINA DEL PROCURADOR DEL PACIENTE | CALLE 11 #1290 |
| AVE PONCE DE LEON PDA 18 #1215 | SAN JUAN, PR 00924 |
| SAN JUAN, PR 00936 | |

DATED: November 30, 2018.

**DANIEL M. MCDERMOTT**
United States Trustee for Region 21

**MONSITA LECAROZ ARRIBAS**
Assistant United States Trustee

**U.S. DEPARTMENT OF JUSTICE**
**OFFICE OF THE U.S. TRUSTEE**
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By: *s/ José Carlos Díaz Vega*
      Trial Attorney
      USDC-PR No. 213607